f

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YAMRAJ KHADKA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | No. 1:26-cv-5225 JLT CDB (HC)<br>A-Number: 221-390-205<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS IN PART; HOLDING REMAINING CLAIMS AND MOTIONS IN ABEYANCE<br>(Docs. 1, 12) |

Yamraj Khadka proceeds with this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 31, 2026, the magistrate judge recommended that the petition for writ of habeas corpus be granted and Respondents be directed to immediately release Petitioner. (Doc. 12.) On August 7, 2026, Respondents filed timely objections. (Doc. 13.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis in part but will order an interim remedy rather than immediate release at this time.

The magistrate judge accurately presents the relevant background facts:

> Petitioner is a native of Nepal and entered the United States on January 5, 2025, near San Ysidro, California. He was detained by immigration authorities upon arrival and has remained in continuous

immigration custody. He was transferred to the California City Correctional Facility on February 22, 2026. Petitioner has a grand-uncle residing in Round Rock, Texas, with whom he intends to reside if released. (Doc. 1 ¶ 25).

Shortly after his entry into the United States and detention, on January 26, 2025, U.S. Customs and Border Protection issued an expedited order of removal, finding Petitioner inadmissible. Petitioner expressed a fear of return to Nepal, was referred for a credible fear screening, and on March 21, 2025, was issued a positive credible fear determination. The expedited removal order was vacated pursuant to 8 C.F.R. § 208.30. On March 23, 2025, ICE issued Petitioner a Notice to Appear, placing him in full removal proceedings. *Id*. ¶ 26.

Petitioner filed an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture on November 12, 2025. *Id*. ¶ 28. On December 31, 2025, an immigration judge denied Petitioner's application for asylum and granted withholding of removal to Nepal. After both Petitioner and ICE waived appeal of the immigration judge's order, it became final. *Id*. ¶ 32. On April 20, 2026, the immigration judge denied Petitioner's request for a bond hearing on the grounds that the immigration court lacked jurisdiction to conduct such a hearing. Id. ¶ 35. On June 23, 2026, ICE conducted a custody review interview, without presence of counsel, despite counsel having filed a Form G-28 and transmitted it to ICE on June 5, 2026. *Id*. ¶ 36.

Respondents do not dispute Petitioner's allegations that he has no criminal history in Nepal or the United States. *Id*. ¶ 25; *see* (Doc. 8). Respondents represent that ICE has obtained third-country acceptance from the Central African Republic, completed travel authorization, and scheduled Petitioner's removal. *Id*. at 2. In support, Respondents proffer the declaration of Thurman Karan, Unit Chief for the Removal Management Division of Enforcement and Removal Operations ("ERO") for ICE. (Doc. 7-1). Mr. Karan declares that, on April 4, 2026, the Central African Republic "provided diplomatic assurances that aliens removed from the United States … will not be subjected to persecution or torture," and on May 4, 2026, the Department of State determined the "diplomatic assurances were credible." *Id*. ¶ 4.

Mr. Karan attests that the Removal Management Division "received notification that the Petitioner's name was accepted by the Government of the Central African Republic as per our prior elevation request pursuant to the Third County Removal agreement that the Department of State negotiated and signed with the Government of the Central African Republic." *Id*. ¶ 5. Mr. Karan represents that Petitioner's acceptance and "placement on a manifest for a charter serves as the travel document in the Petitioner's removal," with the removal flight scheduled for the last week of July. *Id*. ¶¶ 6-7. Mr. Karan further asserts that "ICE will follow the March 30th, 2025 memorandum Guidance Regarding Third Country Removals to effectuate the Petitioner's removal." *Id*. ¶ 8. Respondents also proffer a letter dated May 4, 2026, addressed to

> Todd Lyons from Christopher Landau, regarding diplomatic assurances to the United States from the Central African Republic. (Doc. 7-2).
>
> In his reply and his opposition to the motion to set aside, Petitioner asserts that the Central African Republic was not mentioned at his merits hearing, nor at his custody review interview, and was not communicated to him in any form prior to this litigation. (Doc. 10 at 2-4; Doc. 11 at 3). Petitioner represents that he was not served with any Notice of Removal identifying the Central African Republic and immigration officials "did not ask him whether he fears return there." Petitioner asserts that the "generalized, country-level diplomatic assurance obtained from the [Central African Republic] government" is not a "substitute for the individualized process" required. (Doc. 11 at 4-5); *see* (Doc. 10 at 5). Petitioner argues that the Karan Declaration contains "no showing that removal to any country in the statutory hierarchy was found impracticable, inadvisable, or impossible before Respondents arranged for [Central African Republic] to accept Petitioner." (Doc. 11 at 5); *see* (Doc. 10 at 5-6). The Court takes judicial notice that Petitioner has no upcoming hearings and the EOIR's automated case database reflects the immigration judge ordered removal on December 31, 2025.

(Doc. 12 at 2–4 (footnotes omitted).)

The Court has previously found that the March 30, 2025 DHS Guidance referenced by Mr. Karan violates due process. *See Y.T.D. v. Andrews*, No. 1:25-CV-01100 JLT SKO, 2025 WL 2675760, at *6 (E.D. Cal. Sep. 18, 2025) ("In this Circuit, due process requires that Petitioner be ... afforded reasonable notice and an opportunity to pursue relief in relation to third country removal."); *id*. at 11 (indicating that applying DHS's 2025 third country removal guidance would subject the petitioner to "improper process in relation to any third country removal to warrant imposition of an injunction requiring additional process"); *see also Vishal v. Chestnut*, 811 F. Supp. 3d 1179, 1187–88 (E.D. Cal. 2025) (noting "[m]ultiple courts have found the government's third country removal policy violates due process and is contrary to Ninth Circuit precedent" and concurring (citing cases)); *Kumar v. Wamsley*, 817 F. Supp. 3d 1059, 1070 (W.D. Wash. 2025) ("Presumably in light of the overwhelming authority against it, the Government does not defend the ICE third country removal policy on the merits."). As a remedy, this Court has joined others in imposing enhanced procedural requirements on any attempted third country removal, including: (a) providing the noncitizen and counsel written notice in a language they can understand; (b) following that notice, the noncitizen must be given a meaningful opportunity, and

a minimum of ten days, to raise a fear-based claim for Convention Against Torture protection prior to removal; (c) if the noncitizen demonstrates "reasonable fear" of removal to the third country, DHS must move to reopen the immigration proceedings; (d) if the noncitizen is not found to have demonstrated a "reasonable fear" of removal to the third country, DHS must provide a meaningful opportunity, and a minimum of fifteen days, for the non-citizen to seek reopening of his immigration proceedings. *Y.T.D.*, 2025 WL 2675760, at *13; *see also Berhe v. Mullin*, No. 3:26-CV-2828-JES-VET, 2026 WL 1651459, at *4 (S.D. Cal. June 8, 2026) (same), *adhered to on denial of reconsideration*, No. 3:26-CV-2828-JES-VET, 2026 WL 2188211 (S.D. Cal. July 29, 2026).

As the findings and recommendations indicate (Doc. 12 at 9), nothing in this record suggests Petitioner was provided notice of any pending third country removal until the motion to set aside was filed in this lawsuit. Considering this lack of process, the magistrate judge recommended the remedy of immediate release, reasoning as follows:

> Petitioner has been detained for over 18 months upon entering the United States and over seven months since he was granted withholding of removal to Nepal. (Doc. 1 at 2). Thus, Petitioner has made a showing that removal is not significantly likely in the reasonably foreseeable future. *See Zadvydas [v. Davis]*, 533 U.S. [678, 701 (2001)].
>
> Respondents have failed to meet their burden to respond with evidence sufficient to rebut Petitioner's showing. *See id*. Respondents proffer only that they intend to remove Petitioner to the Central African Republic using the same March 30, 2025, guidelines that numerous courts within this circuit have found unlawful, without any notice to Petitioner nor any opportunity to raise a fear-based claim. Because any such removal cannot be effectuated consistent with governing statutory and constitutional law and Respondents have not demonstrated otherwise, it follows that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. *See Berhe*, 2026 WL 2188211, at *2 ("Respondents have not met that burden. The Status Report discloses that ICE intends to remove Petitioner to the CAR on or about July 30, 2026, using the same March 30 Memo procedures this Court has already found unlawful. Because any removal to the CAR, under those procedures is enjoined, it cannot constitute a 'significant likelihood of removal' for *Zadvydas* purposes.").
>
> Petitioner asserts he has no criminal history. (Doc. 1 at 5). Respondents do not contest this nor provide any argument or factual proffer regarding any arrests, convictions, risk of flight, or danger to the community. *See* (Docs. 7, 8). In light of these facts, and as the

> undersigned has found that Petitioner's detention is no longer authorized by statute, the undersigned will recommend that Petitioner be released immediately, pursuant to the conditions set forth in 8 U.S.C. § 1231(a)(3) and (7), which "provides the process for supervision of noncitizens who are released from detention because they were not removed within the 90-day removal period." *See A.A.M.*, 2026 WL 1099063, at *8 (finding that petitioner be immediately released).

(Doc. 12 at 10-11.)

Though the Court may ultimately reach this conclusion, the relevant caselaw suggests an interim step is appropriate. In *Behre*, for example, the Court did not immediately conclude that release of the petitioner was warranted. Rather, the district court initially enjoined Respondents from removing the petitioner to any third country without complying with enhanced third country removal procedures. 2026 WL 1651459, at *4. In the absence of any binding appellate authority establishing that the March 30 DHS Guidance could not be applied to the petitioner in *Behre*, that initial step by the district court put DHS on notice that enhanced procedures needed to be followed to effectuate a third country removal. Only when Respondents failed to do so (and instead sought reconsideration) did the district court order release. *See Berhe v. Mullin*, No. 3:26-CV-2828-JES-VET, 2026 WL 2188211, at *2 (S.D. Cal. July 29, 2026). The Court finds that stepped process is appropriate here.[1]

There is an additional wrinkle. Petitioner also argues in his traverse and opposition to the motion to set aside that Respondents have made no effort to comply with the hierarchy of removal destinations set forth in 8 U.S.C. § 1231(b)(2). (Doc. 10 at 5; Doc. 11 at 5, 7); *see also Jama v. Immigration and Customs Enforcement,* 543 U.S. 335, 341 (2005) ("the statute thus provides four consecutive removal commands"); *Francisco Lorenzo v. Bondi*, No. 2:25-CV-02660-LK, 2026 WL 237501, at *7 (W.D. Wash. Jan. 29, 2026) (requiring DHS to work through the listed options in order). Because this argument appears to have been raised for the first time in responsive briefs and the findings and recommendations did not evaluate the issue, the Court will permit Respondents to address how any removal plans accord with those requirements.

---

[1] To be clear, the Court also agrees with the magistrate judge that the prudential exhaustion requirement should be waived. (*See* Doc. 12 at 6–7.)

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on July 31, 2026, (Doc. 12) are **ADOPTED IN PART**.
2. The petition for writ of habeas corpus is **GRANTED IN PART** as to Count Two (Third Country Removal in Violation of Due Process).
3. Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from removing Petitioner to the Central African Republic or any third country unless Respondents adhere to the following procedures:
   a. demonstrate compliance with 8 U.S.C. § 1231(b)(2);
   b. provide Petitioner and his counsel written notice of any third country destination in a language Petitioner can understand;
   c. provide Petitioner a minimum of ten (10) days to raise a fear-based claim for protection;
   d. if Petitioner demonstrates reasonable fear of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings; and
   e. if Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of 15 days for Petitioner to seek reopening of his immigration proceedings.
4. In the event Petitioner asserts a fear-based claim for relief from removal, Respondents are **ENJOINED AND RESTRAINED** from removing Petitioner to the third country without first providing him a meaningful opportunity to be heard on his fear-based claim before an immigration judge in compliance with due process.
5. Respondents are **ORDERED** to file, no later than August 25, 2026, a status report indicating whether they intend to proceed with a third country removal and, if so, how third country removal complies with 8 U.S.C. § 1231(b)(2) on this record.
6. If Respondents intend to proceed with third country removal, no later than August 26, 2026, they **SHALL** provide Petitioner with the formal notice described above.

7. Thereafter, Respondents **SHALL** file a status report every ten days updating the Court on the process Petitioner has been given.
8. The Court will hold all other claims and motions in abeyance so the case **SHALL** remain open.

IT IS SO ORDERED.

Dated: _August 20, 2026_

UNITED STATES DISTRICT JUDGE