**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YAMRAJ KHADKA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | No. 1:26-cv-5225 JLT CDB (HC)<br>A-Number: 221-390-205<br>ORDER GRANTING PETITION; ORDERING IMMEDIATE RELEASE<br>(Docs. 1, 12) |

Yamraj Khadka, a native of Nepal, proceeds with this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 31, 2026, the magistrate judge recommended that the petition for writ of habeas corpus be granted and Respondents be directed to immediately release Petitioner. (Doc. 12.) On August 20, 2026, the Court adopted the recommendations in part, ordered Respondents to provide additional third-country removal procedures and to disclose whether they plan to pursue third-country removal in accordance with those additional requirements. (Doc. 15.) On August 27, 2026, Respondents filed a status report indicating that, though they initially planned to continue with third country removal to the Central African Republic and served Petitioner with notice thereto, they then reconsidered and have decided not to pursue third country removal of Petitioner. (Doc. 19.)

Given this development, and for the reasons set forth in the findings and recommendations

(Doc. 12), the Court finds that Petitioner has met his burden under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), and that Respondents have failed to rebut that showing. The Court notes that Petitioner alleges he has no criminal history anywhere in the world and that he has a relative with whom he will reside if released. Respondents do not contest this.

Thus, the Court **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**.
2. Respondents' motion to set aside (Doc. 7) is **DENIED**.
3. Respondents are **ORDERED** to release Petitioner immediately under conditions prescribed pursuant to 8 U.S.C. § 1231(a)(3) and (7), as well as 8 C.F.R. § 241.5.
4. Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from removing Petitioner to the Central African Republic or any third country unless Respondents adhere to the following procedures:
   a. demonstrate compliance with 8 U.S.C. § 1231(b)(2);
   b. provide Petitioner and his counsel written notice of any third country destination in a language Petitioner can understand;
   c. provide Petitioner a minimum of ten (10) days to raise a fear-based claim for protection;
   d. if Petitioner demonstrates reasonable fear of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings; and
   e. if Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of 15 days for Petitioner to seek reopening of his immigration proceedings.
5. In the event Petitioner asserts a fear-based claim for relief from removal, Respondents are **ENJOINED AND RESTRAINED** from removing Petitioner to the third country without first providing him a meaningful opportunity to be heard on his fear-based claim before an immigration judge in compliance with due process.
6. The Clerk of Court is directed to transmit a copy of this order to the California City

Immigration Processing Center and then to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated: _August 28, 2026_

UNITED STATES DISTRICT JUDGE